UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA D. STAMPER,

       Plaintiff,

v.                                                  Case No. 1:05-CV-143
                                                   Hon. Wendell A. Miles

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                             /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB). The court recommends that the Commissioner's decision be reversed and remanded for the reasons as set forth below.

Plaintiff was born on November 13, 1961 and completed one year of college (AR 85, 106).[1] Plaintiff stated that she became disabled on April 24, 1999 (AR 85). She had previous employment as a rural mail carrier, a scan coordinator at a grocery store, and as a bookkeeper/receptionist (AR 113). Plaintiff identified her disabling conditions as "fibromyalgia/CFC" (AR 100). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on July 30, 2004 (AR 29-40). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

**I.  LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged

onset of disability (AR 38). Second, the ALJ found that she suffered from severe impairments of "fibromyalgia, chronic chondromalacia of the right knee, a back disorder, status post C6-7 fusion and spinal L4-5 and L5-S1 fusion, and depression" (AR 38). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 38). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to walk for 15 minutes at one time with no prolonged standing, and lift up to 10 pounds maximum. However, she can do no squatting, kneeling, or climbing, and no constant use of the hands and arms or fine manipulation. Furthermore, she is limited to work that is simple and repetitive in nature.

(AR 39). The ALJ further concluded that plaintiff was unable to perform her past relevant work (AR 39).

At the fifth step, the ALJ determined that plaintiff was capable of performing a significant range of sedentary work (AR 39). Specifically, the ALJ found that an individual with plaintiff's limitations could perform the following jobs in Michigan: clerical assistant (2,000 jobs); receptionist (4,000 jobs); general clerk (2,000 jobs); and attendant (3,000 jobs) (AR 39). The ALJ also found plaintiff's allegations regarding her limitations were not totally credible (AR 39). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 39-40).

**III. ANALYSIS**

Plaintiff raises three issues on appeal.

**A.    The ALJ committed reversible error by not properly considering the opinion of plaintiff's treating physicians.**

**B.    The ALJ did not have substantial evidence to support his finding that plaintiff could have performed a limited range of sedentary work.**

Plaintiff contends that the ALJ improperly discounted the opinions of three treating physicians, Drs. Russo, Forsman and Rowe, all of whom opined that plaintiff was disabled. A plaintiff's treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). However, an ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and*

*Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526.  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

    **1.**    **Dr. Russo**

On February 5, 2004, plaintiff's neurosurgeon, R. Harris Russo, M.D., performed a "[r]ight L4-5 and right L5-S1 hemisemilaminectomy, partial facetectomy, and foraminotomy," and "[d]ecompressive lumbar laminectomy, partial facetectomies, and foraminotomies" to treat plaintiff's spinal stenosis L4-L5, L5-S1 (AR 343, 363-65).  On March 30, 2004, Dr. Russo opined that plaintiff "is totally and permanently disabled from all manual labor now and in the future" (AR 343).  The doctor noted that "[a]s she has had multiple injuries through the years at the post office she is going to file a workers compensation claim against them and I will support her in this endeavor" (AR 343).  The ALJ did not give controlling weight to Dr. Russo's opinion that plaintiff is disabled, because "the determination of the claimant's disability status is an issue reserved to the Commissioner" (AR 35-36).

The ALJ could properly discount this opinion expressed by Dr. Russo.  Although Dr. Russo was a treating physician, the ALJ was not bound by the doctor's conclusion that plaintiff was unable to work.  *See* 20 C.F.R. § 404.1527(e)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled' ).  Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner.  *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986).  The determination of disability is the prerogative of the Commissioner, not the

6

treating physician. *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984).

### 2. Drs. Forsman and Rowe

Kenneth Forsman, M.D., plaintiff's treating physician at Allegan Medical Clinic, P.C., submitted an opinion in support of plaintiff's DIB claim (AR 323). In his letter, Dr. Forsman stated: that plaintiff has been unable to ambulate for more than 15 minutes at a time due to right leg pain; that despite losing 15 pounds she still has difficulty walking due to pain; that she has some hamstring tenderness in her right leg; she has x-ray evidence of lumbar stenosis which "limits her lifting to 10 pounds or less and dictates that she have restrictions on consecutive sitting, standing or walking of 10 minutes or less in any one position;" that she has an unstable right knee that did not respond to conservative measures with therapy or Synvisc injections; that her right knee problem "in addition to the above weight limits, prevents her from squatting, kneeling, climbing and prolonged standing;" that she has symptoms and signs of bilateral carpal tunnel syndrome, which make it difficult for her to do repetitive activities with her hands; that her cervical disc disease and fusion render her "permanently unable to lift any more than 10 pounds maximum;" and, her history of depression "would preclude her from positions of high stress" (AR 323).

The ALJ apparently adopted a portion of Dr. Forsman's opinion, stating "[t]herefore, as the record indicates, the opinion of Dr. Forsman is accorded controlling weight to the extent it is compatible with the claimant's established residual functional capacity" (AR 36). The ALJ's RFC determination incorporated many of Dr. Forsman's restrictions, but did not include a sit/stand option, i.e., the doctor's statement that plaintiff's lumbar stenosis limits her to "consecutive sitting, standing or walking of 10 minutes or less in any one position" (AR 36). However, the ALJ did not

identify those restrictions he "afforded controlling weight" and gave no reason for rejecting the sit/stand option.

Bruce Rowe, M.D., plaintiff's treating orthopedic surgeon, submitted an opinion in support of plaintiff's DIB claim as follows:

> Ms. Stamper has applied for disability because of spinal stenosis from another physician [sic]. In addition to that, she is being followed for chronic chondromalacia of the right knee, which is limiting her ability to walk for long periods of time. I have set long-term restrictions to include mostly sitting occupations. I do not believe that this problem in and of itself warrants full disability. However, in addition to her spinal stenosis it may. If you have any further questions, please feel free to call my office at (269) - 353- 9821.

(AR 322). The ALJ apparently adopted a portion of Dr. Rowe's opinions, using the same language as with Dr. Forsman, i.e., "[t]herefore, as the record indicates, the opinion of Dr. Rowe regarding the claimant's restrictions is accorded controlling weight to the extent it is compatible with the claimant's established residual functional capacity" (AR 36). However, the ALJ did not state which opinions of Dr. Rowe he accorded "controlling weight" and gave no reason for rejecting the doctor's observation that plaintiff had a limited ability to walk for long periods and her restriction to "mostly sitting occupations."

Based on this record, the court concludes that the ALJ has not given sufficient reasons for discounting the opinions of Drs. Forsman and Rowe. The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). It is unnecessary for the ALJ to address every piece of medical evidence. *See Heston*, 245 F.3d at 534-35 (ALJ's failure to discuss a doctor's report was harmless error because the reviewing court should consider all of the evidence in the record). Nevertheless, an ALJ "must articulate, at some minimum

level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

Here, the ALJ purports to give controlling weight to the opinions of Drs. Forsman and Rowe "to the extent" the opinions are compatible with plaintiff's RFC. However, the ALJ does not explain the basis for his RFC determination. After announcing plaintiff's RFC, the ALJ states that he "accorded substantial deference" to the reports of the state agency medical consultants and non-examining medical sources, but does not explain how those reports differed from the opinions of plaintiff's treating physicians (AR 36). All of the state agency reports upon which the ALJ relied were prepared by non-examining medical sources (AR 288-302, 303-06, 308-16). While the ALJ may rely on the opinions of the state agency physicians who reviewed plaintiff's file,[2] he cannot simply adopt those findings without articulating good reasons for rejecting the more restrictive opinions expressed by plaintiff's treating physicians. *See Wilson*, 378 F.3d at 545. By rejecting the opinions of Drs. Forsman and Rowe that were not "compatible" with plaintiff's RFC, and failing to identify the incompatible portions of the opinions or explaining how he reached the RFC determination, the ALJ effectively ignored the evidence given by those two treating physicians.

In summary, the ALJ has not articulated good reasons for rejecting the opinions of Drs. Forsman and Rowe. *See Wilson*, 378 F.3d at 545. Accordingly, the ALJ's decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should

---

[2] *See* 20 C.F.R. § 404.1527(f)(2)(i), which provides that "state agency medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation . . . administrative law judges must consider findings of state agency medical and psychological consultants or other program physicians or psychologists as opinion evidence."

9

re-evaluate plaintiff's RFC and articulate his reasons for rejecting the opinions of Drs. Forsman and Rowe.

>   **C.    The ALJ did not pose an accurate hypothetical question to the vocational expert and did not follow his answer to an accurate hypothetical question.**

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a vocational expert (VE) in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

In the present case, the ALJ posed a hypothetical question to the VE which included the restrictions as set forth in the RFC determination (AR 407-08). In response to those restrictions, the VE testified that an individual such as plaintiff could perform 11,000 jobs (AR 407-08). If the ALJ had made a proper RFC determination, then the VE's testimony would support the decision denying plaintiff's DIB claim. However, as previously discussed above, the ALJ's RFC determination was not supported by substantial evidence. Based upon this record, the court cannot find that the hypothetical question posed to the VE accurately reflected plaintiff's limitations. Accordingly, the ALJ could not rely on this vocational evidence.

**IV.     Recommendation**

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should re-evaluate plaintiff's RFC and articulate his reasons for rejecting the opinions of Drs. Forsman and Rowe.


Dated:  January 11, 2006              /s/ Hugh W. Brenneman, Jr.
                                      Hugh W. Brenneman, Jr.
                                      United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).