UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA D. STAMPER,

       Plaintiff,

v.

Case No. 1:05-cv-143

Hon. Wendell A. Miles

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Plaintiff, Sandra D. Stamper, filed this action for judicial review of the final decision of the Commissioner of Social Security that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. §§ 416(i), 423. United States Magistrate Judge Hugh W. Brenneman, Jr., submitted a Report and Recommendation (dkt. #13), recommending that the Commissioner of Social Security's decision be reversed and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the Administrative Law Judge (ALJ) should re-evaluate Plaintiff's residual functional capacity and articulate the reasons for rejecting the opinions of Plaintiff's treating physicians. Defendant filed objections to the Magistrate Judge's Report and Recommendation (dkt. # 14), and Plaintiff responded to the Defendant's objections (dkt. #15). For the reasons that follow, the Court

overrules Defendant's objections, and adopts the Report and Recommendation of the Magistrate Judge.

## Standard of Review

When objections have been made to a magistrate judge's report and recommendation, the district court's standard of review of the report and recommendation is *de novo.* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied.  Warner v. Comm'r of Soc. Sec., 375 F. 3d 387, 390 (6th Cir., 2004). There is substantial evidence when a "'reasonable mind might accept'" the relevant evidence "'as adequate to support a conclusion.'"  Id. quoting Kirk v. Sec. of Health & Human Servs., 667 F. 2d 524, 535 (6th Cir. 1981).  If there is substantial evidence supporting the Commissioner's decision, the court must defer to the decision "'even if there is substantial evidence in the record that would have supported an opposite conclusion . . . .'"  Id., quoting Wright v. Massanaari, 321 F. 3d 611, 614 (6th Cir. 2003).  The court may not make credibility determinations or resolve conflicts in the evidence.  Walters v. Comm'r of Soc. Sec., 127 F. 3d 525, 528 (6th Cir. 1997).

## Background

The magistrate judge found that the ALJ had not given sufficient reasons for discounting the opinions of Dr. Kenneth Forsman and Dr. Bruce Rowe, respectively Plaintiff's treating physician and treating orthopedic surgeon, with regard to Plaintiff's residual functional capacity (RFC).  Defendant contends that the ALJ considered the opinions of the treating physicians and based his assessment of Plaintiff's RFC on the record as a whole.

During the relevant time, Plaintiff was being treated by Dr. Russo, a neurosurgeon.  Dr.

Russo performed cervical fusion surgery on Plaintiff in October 2002, and a multilevel lumbar laminectomy in February 2004. On March 30, 2004, Dr. Russo stated that Plaintiff was "totally and permanently disabled from all manual labor now and in the future." (AR 343).

In May 2002, knee x-rays revealed early degenerative arthropathic changes involving the medial compartment with a slight thinning of the cartilaginous spaces and hypertrophic changes at the joint margins. In August 2002, Plaintiff had small to moderate knee joint effusion and prepatellar edema. Dr. Bruce Rowe stated in September 2003, that he treated Plaintiff for chronic chondromalacia of her right knee, which limited her ability to walk for long periods of time. Dr. Rowe "set long-term restrictions to include mostly sitting type occupations." The doctor stated that Plaintiff's knee problem did not warrant full disability, but opined that combined with her spinal stenosis, her condition might be disabling. (AR 322).

In April 2003, Plaintiff reported to another treating physician, Dr. Kenneth Forsman, that she experienced pain in her leg muscles, right kneecap, low back, hips and occasionally, her upper back. She stated that after resting, she experienced a great deal of pain when she began moving again. On October 20, 2003, Dr. Forsman wrote a letter to Social Security stating that there was x-ray evidence of lumbar stenosis and that Plaintiff's right knee was unstable and had not responded to therapy. Dr. Forsman concluded that Plaintiff could not walk, stand or sit for more than ten minutes at a time nor lift more than ten pounds. He restricted her from kneeling, squatting, or climbing. Dr. Forsman limited Plaintiff to "mostly sitting type occupations." The doctor also noted Plaintiff's symptoms of bilateral carpel tunnel syndrome, which precluded her from repetitive fine movements of her hands, and her long history of depression that eliminated her from high stress jobs. (AR 323).

The ALJ found that Plaintiff retained the residual functional capacity to walk for 15 minutes at one time with no prolonged standing and lift up to ten pounds, but could not squat, kneel or climb. Additionally, she could not constantly use her hands and arms or perform fine manipulation, and was limited to work that was simple and repetitive. (AR 36). The ALJ stated that because "the determination of the claimant's disability status is an issue reserved to the Commissioner," he did not give controlling weight to Dr. Russo's opinion that Plaintiff was totally disabled. The ALJ gave Dr. Rowe's opinion regarding Plaintiff's restrictions "controlling weight to the extent it is compatible with her established residual functional capacity." (AR 36). He likewise accorded Dr. Forsman's opinion "controlling weight to the extent it is compatible with her established residual functional capacity." (AR 36).

The Magistrate Judge concluded that the ALJ properly discounted Dr. Russo's opinion on the ultimate question of disability, but failed to give sufficient reasons for discounting the opinions of Drs. Forsman and Rowe. The Defendant argues that the ALJ "reasonably assessed the treating physicians' opinions and formulated his residual functional capacity assessment based on the record as a whole.

Discussion

An ALJ must give the opinion of a treating physician controlling weight if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The opinions from treating physicians are given great weight because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's]

4

medical impairment(s)." 20 C.F.R. § 404.1527(d)(2). When the opinion of the treating physician is not given controlling weight, in order to determine what weight to afford the opinion, the ALJ must consider certain factors such as the length of the treatment relationship, nature and extent of the treatment relationship, and the supportability of the physician's opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source. Id.. The regulations require the ALJ to give "good reasons" in the notice of determination or decision for the weight that was given to the claimant's treating physician's opinion. Id. In addition, a Social Security Ruling explains that a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996).

"'The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by'" an ALJ that the claimant is not disabled. Wilson., 378 F.3d at 544 (quoting Snell v. Apfel, 177 F.3d 128, 134 (2d Cir.1999)). The Sixth Circuit found in Wilson that the treating source regulations impose a clear procedural requirement that the ALJ is bound to follow. Id. When the ALJ fails to "give good reasons" for not giving controlling weight to a treating physician's opinion, the case must be remanded. Id. at 545 (citing Newton v. Apfel, 209 F.3d 448, 456 (5th Cir. 2000); Snell, 177 F.3d at 134; and Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004)).

An ALJ must give controlling weight to a treating physician's diagnosis and limitations

5

placed upon a claimant, as opposed to the treating physician's opinion on the fact of disability. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984). (Ultimately, the determination of disability is the prerogative of the Secretary, not the treating physician"). Accordingly, the ALJ correctly concluded that Dr. Russo's opinion that Plaintiff was totally and permanently disabled was a legal conclusion that was not binding on the ALJ. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 452 (6th Cir. 1986).

The regulations provide that "[a]fter we review all of the evidence, including medical opinions, we make findings about what the evidence shows." 20 C.F.R. § 404.1527(c). Here, however, the ALJ first determined Plaintiff's residual functional capacity, and then accepted the statements from Drs. Forsman and Rowe only "to the extent" the statements were consistent with the determination the ALJ had made. The ALJ failed to explain what parts of the doctors' statements were unsupported by the medical record or inconsistent with other evidence in the record. He failed to clearly articulate specific reasons for rejecting any portion of the statements from Drs. Forsman and Rowe. Thus, the ALJ applied an erroneous legal standard with respect to the opinions of Plaintiff's treating physicians, Drs. Forsman and Rowe, and the case must therefore be remanded.

## Conclusion

Having reviewed the record and the Magistrate Judge's Report and Recommendation, the court finds that the Magistrate Judge reached the correct conclusion in the Report and Recommendation. Accordingly, the court OVERRULES the Plaintiff's objections, and ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation. The decision of the Commissioner of Social Security is reversed, and this case is remanded pursuant to

sentence four of 42 U.S.C. § 405(g) for the purpose of re-evaluating Plaintiff's residual functional capacity.

So ordered this 28th day of March, 2006.

                                             /s/ Wendell A. Miles
                                             Wendell A. Miles
                                             Senior U.S. District Judge