UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA D. STAMPER,

       Plaintiff,

v.                                                                                            Case No. 1:05-cv-143

                                                                                  Hon. Wendell A. Miles

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Objection to the Magistrate's Report and Recommendation (docket #20), recommending that Plaintiff's application for attorney's fees and costs be denied. The Defendant has filed a response to the Plaintiff's objections (docket #21). For the reasons that follow, the Court overrules the Plaintiff's objections, adopts the Magistrate Judge's Report and Recommendation (docket #19), and denies the Plaintiff's application for attorney's fees and costs.

On initial review, the Court found that the Administrative Law Judge (ALJ) failed to satisfy the requirement that the ALJ give good reasons for not giving controlling weight to the opinions of two of Plaintiff's treating physicians. Accordingly, on March 28, 2006, the Court reversed the decision of the Commissioner of Social Security and remanded this case to the Social Security Administration for the purpose of re-evaluating Plaintiff's residual functional capacity. On September 26, 2006, the ALJ who conducted the hearing upon remand found that Plaintiff was disabled and entitled to benefits.

Plaintiff subsequently filed a motion in this Court for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  On October 6, 2006, the Magistrate Judge recommended that the Court deny Plaintiff's motion for attorney fees.

The EAJA provides in relevant part that a court shall award fees and other expenses to a prevailing party, other than the United States, in any civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).  Therefore, eligibility for a fee award in a civil action requires that (1) the claimant be a prevailing party, (2) the government's position was not "substantially justified," (3) no special circumstances made an award unjust, and (4) pursuant to § 2412(d)(1)(B), the fee application was submitted to the court within 30 days of final judgment in the action and is supported by an itemized statement. Marshall v. Comm'r of Social Sec., 444 F.3d 837, 840 (6th Cir. 2006), citing Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990).  Defendant does not dispute that Plaintiff is a prevailing party, the fee application was timely, and there are no special circumstances that would make an award unjust.  The only issue is whether the Commissioner was "substantially justified" in supporting the ALJ's decision to deny Plaintiff benefits.

Plaintiff contends that, "Defendant's position which forced Plaintiff to bring this action was not substantially justified, as the Magistrate and the Judge specifically found that there was not substantial evidence in support of the ALJ decision" (docket #17, attorney affirmation at p.3); and further, that "the efforts of [Plaintiff's] attorney both in this Court and before the Social Security Administration are proof positive that this case never should have progressed to this Court." (Plaintiff's objections, docket #20).  However, "Congress did not . . . want the

2

'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" Scarborough v. Principi, 541 U.S. 401, 415 (2004), quoting Libas, Ltd. v. United States, 314 F.3d 1362, 1365 (Fed. Cir. 2003); and see Hadden v. Bowen, 851 F.2d 1266, 1268-69 (10th Cir. 1988) (stating that "there is no prerequisite that the government's decision to litigate was based on a substantial probability of prevailing for the government to defeat a claim for attorney's fees under the EAJA."). Although the government does not ultimately prevail, its position is nevertheless substantially justified when it has a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The phrase "substantially justified" does not mean "justified to a high degree," but rather "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." Id. (rejecting the definition of substantial as "considerable in amount, value, or the like; large"). Even a finding by the court that the Commissioner's position was not supported by substantial evidence does not foreclose the possibility that the position was substantially justified. Id. at 569; Jankovich v. Bowen, 868 F.2d 867, 870 (6th Cir. 1989). Thus, Plaintiff's position that her success on remand automatically renders the government's position unjustified is incorrect.

      The Court notes that the pre-remand decision by the ALJ denying benefits was made on April 24, 1999, with Plaintiff alleging an onset date of April 24, 1999. Prior to the hearing on remand, Plaintiff amended her onset date to February 1, 2004, and submitted additional evidence from her treating physician prepared in February 2006, concluding that Plaintiff had chronic low back pain with worsening symptoms. (Attach. to Pl.'s Objections, Soc. Sec. Decision). Thus, the originally reviewed and later reviewed records were not identical, nor were the periods under

consideration the same.

The EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items." Comm'r, INS v. Jean, 496 U.S. 154, 161-62 (1990); accord, United States v. Heavrin, 330 F.3d 723, 730 (6th Cir. 2003), citing Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993) (stating that in an EAJA case, "when determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably. . . ."); Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).

The court can reverse the Commissioner's final decision and remand for an award of benefits if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985). This is not the situation in the present case. Here, the ALJ gave the treating physicians' opinions regarding Plaintiff's restrictions "controlling weight to the extent [they are] compatible with her established residual functional capacity." The regulations and a social security ruling require the ALJ to give specific reasons for the weight given to treating physicians' medical opinions, see 20 C.F.R. § 404.1527(d)(2) and Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996), which the ALJ failed to do. The Court reversed the Commissioner's decision and remanded for the purpose of re-evaluating Plaintiff's residual functional capacity. The Court agrees with the Magistrate Judge that, "[t]he ALJ's failure to articulate good reasons for rejecting a treating physician's opinion does not, in and of itself, establish that there is no reasonable basis for the ALJ's decision to deny benefits." (Report & Recommendation, p.3). Dr. Forsman limited Plaintiff to "mostly sitting type occupations, concluding that Plaintiff could

not walk, stand or sit for more than ten minutes at a time nor lift more than ten pounds, and was restricted from kneeling, squatting, or climbing. Dr. Rowe set long-term restrictions to include mostly sitting type occupations. Neither of the treating physicians opined that Plaintiff's condition precluded all work-related activity. The ALJ found that Plaintiff had significant restrictions on her ability to work. His findings encompassed the majority of the treating physicians' stated restrictions. Based upon the entire administrative record, the Commissioner was substantially justified in supporting the decision.

## CONCLUSION

The court has read the Magistrate Judge's Report and Recommendation and conducted an independent review of the record. For the reasons discussed above, the court finds that the Magistrate Judge's findings, conclusions and recommendations are correct. Accordingly, the court adopts the Magistrate Judge's Report and Recommendation in its entirety and incorporates it fully into this Order, and DENIES Plaintiff's Application for Attorney Fees and Costs Pursuant to EAJA (docket #17).

So ordered this 20th day of November, 2006.

                                                                             /s/ Wendell A. Miles  
                                                                             Wendell A. Miles  
                                                                             Senior U.S. District Judge